Ryan Vos (State Bar No. 224368)
ryanv@mandarichlaw.com
Mandarich Law Group, LLP
6301 Owensmouth Avenue, Suite 850
Woodland Hills, CA 91367
877.414.0130

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY AVILA,<br><br>        Plaintiff,<br><br>vs.<br><br>MANDARICH LAW GROUP,<br><br>        Defendant. | CASE NO. 2:11-CV-089653-GAF-FMO<br><br>REPLY MEMORANDUM<br><br>Date: January 26, 2012 |

### MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE

Plaintiff makes several arguments in opposition to Defendant's Motion to Dismiss, none of which are persuasive. However, Plaintiff overlooks the initial threshold that must be met in order to bring a claim under 15 U.S.C. 1692 *et seq.* (the "FDCPA"). In order to establish any violation of the FDCPA, the debt must be a "consumer" debt as defined by 1692(a)(5). To meet the applicable pleading standard, Plaintiff must plead "facts that show a primarily personal, family, or household purpose for the debt (for example, that [s]he primarily used the debt to buy a TV for his house)." *Awah v. Midland Credit Agmt. Of Am.*, 2010 U.S. Dist.

LEXIS 109790 (D. Md. 2010). Here, Plaintiff pleads absolutely no facts regarding the debt whatsoever let alone the purpose for which the debt was incurred. Further, she does not plead facts regarding Defendant's alleged status as "debt collector", which is also required to bring an action under the FDCPA. Accordingly, for those reasons alone, Plaintiff's Claim against Defendants must be dismissed as she has failed to plead a plausible cause of action under the FDCPA.

The additional problem with Plaintiff's Response is that she relies on facts not plead in her Complaint. For example, Plaintiff argues that Defendant "blocked" the caller id display in its calls to Plaintiff and as such, committed a violation of §1692(f)(5). *See*, Response, P. 4. This was not pled in Plaintiff's Complaint. It should be noted, however, that even if Plaintiff did plead that Defendant "blocked" her caller id, it would not constitute a violation of §1692(f) as a matter of law. *Glover v. Client Servs.*, 2007 U.S. Dist. LEXIS 73604, 31-14 (W.D. Mich 2007); *Fry v. Berks Credit & Collections, Inc.*, 2011 U.S. Dist. LEXIS 140256 (N.D. Ohio 2011); *Elliott v. GC Servs.*, LP, 2011 U.S. Dist LEXIS 136 (M.D. Fla 2011).

Plaintiff also argues, from facts not contained in her Complaint, that Defendant violated §1692c(a)(1) by calling Plaintiff's husband's cellular telephone "at a time or place known or which should be known to be inconvenient" because he was "at work." *See,* Response, P. 4. Plaintiff's husband, like Plaintiff, is not alleged to be a "consumer" under the Act. Under the FDCPA, Plaintiff must have standing for each claim he asserts. *Hoffman v. GC Servs. Ltd. P'ship.*, 2010 U.S. Dist. LEXIS 139509, *26-27 (E.D. Tenn. March 3, 2010). Under the FDCPA, however, a

plaintiff's standing to pursue a claim depends upon what section of the FDCPA is alleged to have been violated. *Id.* Some provisions require that the plaintiff be a "consumer," whereas others only require that the plaintiff be an "aggrieved party." *Id.; Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003). Claims under 15 U.S.C. § 1692(c) may only be brought by the consumer. *Hoffman*, 2010 U.S. Dist. LEXIS 139509 at *26-27. Moreover, Plaintiff fails to specify how Defendant "should have known" her husband was at work or in an inconvenient location at the time of the call. Thus, Plaintiff's claim under §1692c(a)(1) is improper.

Plaintiff also now vaguely refers to the Telephone Consumer Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), which prohibits the dialing of a cell phone number by an automated telephone dialing system. Plaintiff asserts in her brief that any call to her cell phone is a violation of this Act. That is simply not the case. The only actionable calls under the TCPA are those made with an automated telephone dialing system, which was not used in this case. *See, generally,* 47 U.S.C. § 227 *et seq.*

Lastly, Plaintiff discusses a call made by Defense Counsel to Plaintiff after Plaintiff sued Defendant in federal court. Plaintiff claims this call alone violated §1692f(5) and the TCPA. Plaintiff must understand, however, that opposing counsel in a federal lawsuit has a need and a right to communicate with Plaintiff to comply with this Court's rules and orders. Such calls to discuss the instant lawsuit are not covered by the FDCPA.

For the foregoing reasons, as it is clear that Plaintiff has failed to meet the Supreme Court's plausibility standard, Defendant respectfully requests that this matter be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: January 26, 2012					MANDARICH LAW GROUP, LLP


							By	/s/
								Ryan Vos
								Mandarich Law Group, LLP
								Attorney for Defendant