LINKS: 9, 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08965 GAF (FMOx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Nancy Avila v. Mandarich Law Group LLP | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**         (In Chambers)

### ORDER RE: MOTION TO DISMISS

#### I.
#### INTRODUCTION & BACKGROUND

Plaintiff Nancy Avila has brought suit against the Mandarich Law Group, LLP ("Mandarich") alleging debt collection practices in violation of various provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.. (Docket No. 7 [First Am. Compl. ("FAC")] ¶¶ 20–22.)  Plaintiff alleges that Mandarich called her twice within minutes, first on her home phone and then on her cellular phone, on September 20, 2011, and again on October 5, 2011, leaving messages each time.  (FAC ¶¶ 9, 11, 13, 15, 20, 21.)  All messages left failed to identify that the call was in regard to the collection of a debt.  (Id. ¶¶ 10, 12, 14, 16.)  Mandarich now moves to dismiss Plaintiff's FAC.  (Docket No. 11.)   For the reasons that follow, the Court **GRANTS** Defendant's motion, but permits Plaintiff **leave to amend**.

#### II.
#### DISCUSSION

**A.  LEGAL STANDARD FOR F.R.C.P. 12(B)(6) MOTION TO DISMISS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08965 GAF (FMOx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Nancy Avila v. Mandarich Law Group LLP | | |

Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION**

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1069 (quoting 15 U.S.C. § 1692(e)). Relevant to the present claims, a debt collector must inform the consumer that it is a debt collector and that the purpose of the communication is to collect on a debt, and must refrain from engaging in collection activities that harass, oppress or abuse debtors. 15 U.S.C. §§ 1692d, 1692e(11). FDCPA violations are "analyzed under a 'least

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08965 GAF (FMOx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Nancy Avila v. Mandarich Law Group LLP | | |

sophisticated consumer' standard." Saltzman v. I.C. System, Inc., No. 09-10096, 2009 WL 3190359, at *3 (E.D. Mich. Sept. 30, 2009) (citation omitted).

As an initial matter, to be liable for a violation of the FDCPA, a defendant must fall within the statute's definition of "debt collector." Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008) (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); Romine v. Diversified Collection Servs., Inc., 155 F.3d 1142, 1145–46 (9th Cir. 1998). A debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Plaintiff's FAC does not allege sufficient facts from which the Court may conclude that Mandarich is a debt collector within the meaning of the FDCPA.[1] Moreover, Plaintiff has not alleged facts describing the origin of the debt or the type of credit acquired. See Lopez, 2010 WL 3505079, at *2. Thus, the Court cannot determine from Plaintiff's FAC whether Mandarich is a "debt collector" or was attempting to collect a "debt" within the meaning of the FDCPA. See 15 U.S.C. § 1692a(5)–(6). These omissions render all of Plaintiff's claims deficient; however, each claim fails for additional reasons as well, as detailed below.

**1. 15 U.S.C. § 1692E(11)**

Plaintiff asserts that Mandarich violated § 1692e(11) because the four recorded telephone messages left by Mandarich "fail[ed] to contain the mini-Miranda Warning: 'This is an attempt to collect a debt . . . .'" (FAC ¶¶ 10, 12, 14, 16, 20.) Section 1692e(11) provides:

---

[1] In a declaration attached to her Opposition to Defendant's motion, Plaintiff states that Mandarich is a debt collector. (See Docket No. 13 [Avila Decl.] ¶ 4.) The Court may not consider this declaration on a motion to dismiss, without converting it to a motion for summary judgment and providing Defendant an opportunity to produce evidence in response. See U.S. v. Ritchie, 342 F. 3d 903, 907–08 (9th Cir. 2003). However, even if the Court considered this declaration, Plaintiff's bare statement that Mandarich is a debt collector would be insufficient. See Mitchell v. Kaiser Found. Health Plan, Inc., No. 09-05306, 2010 WL 5387712, at *6 (N.D. Cal. 2010); Swain v. CACH, LLC, 699 F. Supp. 2d 1109, 1112–13 (N.D. Cal. 2009); Lopez v. Rash Curtis & Assocs., No. 10-01173, 2010 WL 3505079, at *2 (E.D. Cal. 2010). Plaintiff must allege substantive facts demonstrating that Mandarich is engaged in a business the principle purpose of which is the collection of debts. See Swain, 699 F. Supp. 2d at 1112–13 (citing U.S.C. § 1692a(6)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08965 GAF (FMOx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Nancy Avila v. Mandarich Law Group LLP | | |

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collect of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .

15 U.S.C. § 1692e(11). The FDCPA defines "communication" as the "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Thus, a voicemail message qualifies as a communication. See Foti v. NCO Fin. Sys., Inc., F. Supp. 2d 643, 657–58 (S.D.N.Y. 2006); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005).

From the provisions above it is clear that a debt collector can violate § 1692e(11) in two ways. First, the debt collector violates the provision by failing to provide, in the initial communication, the so-called mini-Miranda warning: that it is a debt collector attempting to collect a debt and that all information obtained will be used for that purpose. 15 U.S.C. § 1692e(11). Essential to this claim is that: (1) the defendant is a debt collector attempting to collect a consumer debt; (2) the communication or voicemail message was an initial communication; and (3) the defendant fails to give the required warning. Here, Plaintiff satisfies the third element but fails to adequately plead the first or second. Plaintiff does allege that the messages failed to include the so-called mini-Miranda warning. (FAC ¶¶ 10, 12, 14, 16.) However, in addition to inadequately pleading that Mandarich is a debt collector attempting to collect a consumer debt, Plaintiff also fails to allege that the first communication received on September 20 was Mandarich's initial communication with her regarding the purported debt.[2]

Second, a debt collector violates § 1692e(11) by failing to identify itself as a debt collector in subsequent communications. Plaintiff's claim as to Mandarich's subsequent communications fails for the additional reason that Plaintiff does not specifically allege that Mandarich did not identify itself as a debt collector. (See FAC ¶¶ 10, 12, 14, 16.)

---

[2] Plaintiff states in her declaration that the communications she received on September 20, 2011, were the initial communications from Mandarich. (Avila Decl. ¶ 4.) However, as noted supra, the Court may not consider Plaintiff's declaration while deciding this motion. See Ritchie, 342 F. 3d at 907–08.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08965 GAF (FMOx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Nancy Avila v. Mandarich Law Group LLP | | |

Accordingly, Plaintiff's § 1692e(11) claim is **DISMISSED with leave to amend**.

**2.  15 U.S.C. § 1692D(5)**

Plaintiff asserts that Mandarich violated 15 U.S.C. § 1692d(5) by "caus[ing] [her] telephone to ring repeatedly at [her] home telephone and cellular telephone service within minutes of each call."  (FAC ¶ 21.)  Plaintiff may sustain her § 1692d(5) claim if she alleges sufficient facts to show that Mandarich "[caused] a telephone to ring or engag[ed] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."  15 U.S.C. § 1692d(5).  "Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls."  Joseph v. J.J. MacIntyre Cos., 238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002).

Courts have "take[n] different views as to the amount and pattern of calls sufficient" to state a § 1692d(5) claim.  Krapf v. Nationwide Credit, Inc., No. CV 09-00711, 2010 WL 2025323, at *5–6 (C.D. Cal. May 21, 2010) (collecting cases).  For instance, in Tucker v. CBE Group, Inc., no violation was found where the debt collector called 57 times, including up to seven times in one day, because the defendant never actually spoke to the plaintiff, was not notified that it could not reach the intended recipient at that number, and was not requested to cease calling.  710 F. Supp. 2d 1301, 1305 (M.D. Fla. 2010).  In Jininez v. Accounts Receivable Management, the court found that 72 calls placed over a 115 day period, with no more than three calls in a single day, did not violate § 1692d(5), because calls were not made at night or consecutively, and the defendant never spoke to the plaintiff and left only one message.  No. 09-9070, 2010 WL 5829206 at *2, 5 (C.D. Cal. 2010).  See also Saltzman, 2009 WL 3190359, at *1, 7 (finding that 50 unsuccessful calls and 10 successful calls over the course of a month did not violate § 1692d(5) because the plaintiff failed to send a cease and desist letter, dispute the debt, or provide additional information other than the calls themselves to evidence an intent to harass).  By contrast, courts have held that an immediate call back after the debtor has hung up or otherwise indicated unwillingness to speak with the caller may violate § 1692d(5).  Lovelace v. Stephens & Michaels Assocs., Inc., No. 07-10956, 2007 WL 3333019, at *7; see also Bingham v. Collection Bureau, Inc., 505 F. Supp. 864, 873 (D.N.D. 1981); see also Kuhn v. Account Control Tech., Inc., 865 F. Supp. 1443, 1453 (D. Nev. 1994) (six calls within 24 minutes, including one in which the plaintiff hung up on the caller, constituted harassment).  There is general agreement, however, that "a debt collector does not necessarily engage in harassment by placing one or two unanswered calls in a day in an unsuccessful attempt to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages."  Saltzman, 2009 WL 3190359, at *7 (internal quotation marks and citation omitted)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08965 GAF (FMOx) | Date | February 2, 2012 |
|---|---|---|---|
| Title | Nancy Avila v. Mandarich Law Group LLP | | |

(citing Udell v. Kansas Counselors, Inc., 313 F. Supp. 2d 1135, 1143–44 (D. Kan. 2004)).

Plaintiff's present allegations do no state a plausible claim for violation of § 1692d(5). Plaintiff has alleged only that Mandarich called her twice within minutes on September 20, 2011, and again on October 5, 2011, leaving messages on her cellular and home phone lines. (FAC ¶¶ 9, 11, 13, 15, 20, 21.) Plaintiff clearly did not hang up on Mandarich or otherwise indicate unwillingness to talk. Thus, any harassment claim hinges on the content of Mandarich's messages or other oppressive conduct, which Plaintiff has not alleged.[3] Accordingly, Plaintiff's § 1692d(5) claim is **DISMISSED with leave to amend**.

### 3. 15 U.S.C. § 1692D

Plaintiff alleges generally that Mandarich has separately violated 15 U.S.C. § 1692d. (FAC at ¶ 22.) Indeed, § 1692d contains a nonexclusive list of acts that constitute harassment or abuse. See 15 U.S.C. § 1692d(1)–(6). However, Plaintiff has failed to allege any conduct other than that alleged in support of her § 1692d(5) claim that, liberally construed, could have violated § 1692d. Accordingly, Plaintiff's claim is **DISMISSED without prejudice** to her assertion of other appropriate claims under § 1692d.

### III.
### CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's FAC. Plaintiff **may amend no later than the close of business on February 23, 2012**. **Failure to file an amended complaint by this deadline will be deemed consent to dismissal of the action with prejudice.** The hearing presently scheduled for Monday, February 6, 2012 is hereby **VACATED**.

**IT IS SO ORDERED.**

---

[3] Plaintiff has stated in Opposition that Mandarich obtained her cellular telephone number from the recorded message on her home answering machine, which indicates that the cell number should be used for emergency purposes only. (Docket No. 12 [Opp.] at 5–6.) It is possible that this allegation, if properly made in her complaint, may bear on her harassment claim.